UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

HOZAE LAMAR MILTON

        Plaintiff,

v.                                             CASE NO.  3:18-cv-1350-J-20JBT

ANGELA GALE, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, which the Court construes as a Motion for Leave to Proceed *In Forma Pauperis* ("Motion") (Doc. 3).  For the reasons set forth herein, the undersigned respectfully **RECOMMENDS** that the Motion be **DENIED** and the case be **DISMISSED without prejudice**.

### I.    Background

This action stems from alleged procedural violations that occurred during

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2).  "A party may respond to another party's objections within 14 days after being served with a copy."  *Id.*  A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made.  *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

Plaintiff's state court proceedings related to a citation Plaintiff received for riding his bicycle upon a limited access facility.[2] (*See* Doc. 1-1 at 5.) On December 21, 2018, the Court entered an Order taking the Motion under advisement and requiring Plaintiff to file an amended complaint that cured the deficiencies specified in the Order. (*See* Doc. 6 at 5.) Specifically, the Complaint did not contain sufficient factual matter for Plaintiff to state a claim, and any claim that Plaintiff attempted to make regarding his state court disposition appeared to be barred by the *Rooker-Feldman* doctrine. (*Id.* at 3–4.) On January 7, 2019, Plaintiff filed the Amended Complaint (Doc. 8).

## II.  Standard

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may allow a plaintiff to proceed without prepayment of fees or costs where the plaintiff has demonstrated through the filing of an affidavit that he is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Even assuming that the Motion sufficiently demonstrates that Plaintiff meets the financial criteria and is therefore entitled to proceed *in forma pauperis*, when such a motion is filed, the Court is also obligated to review the case pursuant to 28 U.S.C. § 1915(e)(2) and to dismiss the case if it

---

[2] In evaluating Plaintiff's allegations, the undersigned takes judicial notice of the state court proceedings. *See* Fed. R. Evid. 201. *See also Davis v. Fuller*, Case No. 2:15-cv-169-MHT, 2015 WL 1729379, at *3 (M.D. Ala. Apr. 15, 2015) ("The court may take judicial notice of the state court's record in both actions in evaluating the present complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).").

determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must also dismiss *sua sponte* an action if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

To avoid a dismissal, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. *Id.* Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Though detailed factual allegations are not required to satisfy this standard, Rule 8(a) demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

Pleadings submitted by a pro se plaintiff "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). Further, courts should not dismiss a complaint for failure to state a claim, pursuant to Section 1915(e)(2)(B)(ii), "without allowing leave to amend when required by Fed. R. Civ. P. 15." *Troville v. Venz*, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002); *see also Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir.

1999) (per curiam) ("Certainly, the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."). Courts are under no duty, however, to "re-write" a plaintiff's complaint to find a claim. *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).

### III.   Analysis

Even construed liberally as a pro se pleading, the allegations of the Amended Complaint fail to state a claim upon which relief can be granted.[3] The factual allegations of the Amended Complaint are identical to those in the Complaint (Doc. 1). In the Amended Complaint, it appears that Plaintiff is attempting to make a claim pursuant to 42 U.S.C. § 1983, alleging violations of his First, Fifth, and Sixth Amendment rights. (Doc. 8 at 3–4.)  He also appears to allege that a breach of contract and breach of duty occurred, as well as a violation of 18 U.S.C. § 1519. (*Id.* at 4.)  The entire statement of facts is as follows:

> I was give [sic] a motor drivencycle [sic] ticket for riding my bicycle in traffic and not allowed to file defense motions for this citation.  I was forced to proceed without representation and found guilty.  They suspended my driver's license for a pedestrian violation.

(*Id.*)  The Defendants in the case are Hearing Officer Angela Gale, Officer J.E.

---

[3] The undersigned notes that Plaintiff has a history of filing frivolous lawsuits in this Court.  *See Milton v. United States*, 3:09-cv-135-J-32MCR, at Doc. 41 at 1 (describing Plaintiff's cases as "patently frivolous").  Further, Plaintiff recently filed two other cases in this Court, one of which has already been dismissed.  *See Milton v. Franchot*, 3:18-cv-1383-J-34MCR & *Milton v. Hussein*, 3:18-cv-1335-J-32PDB.

4

Wiggins of the Jacksonville Sheriff's Office, and the Honorable Mark Mahon, Chief Judge of the Fourth Judicial Circuit Court of Florida.  (*Id.* at 2–3.)  Plaintiff requests the following relief: "District Case Fees $438, Circuit Case Fees $223, Drivers License Renewal, $63.00, Mail $48.45, and Copies $9.45 = $781.90."  (*Id.* at 5.)  The Amended Complaint contains no other substantive information.

To the extent Plaintiff complains that he was forced to proceed without representation, the undersigned recommends that Plaintiff did not have a right to court appointed counsel for the subject civil traffic infraction, and thus Plaintiff's Sixth Amendment rights were not violated.  Plaintiff was cited for violating Florida Statute Section 316.091(2), which states that "no person shall operate upon a limited access facility any bicycle . . . ."[4] (*See* Doc. 1-1 at 5.)  A violation of Section 316.091 is a noncriminal traffic infraction, punishable as a moving violation as provided in Chapter 318.  Fla. Stat. § 316.091(7).  Under Florida law, "there is no right . . . to court-appointed counsel" for infractions.  Fla. Stat. § 318.13(3).  Similarly, there is no federal constitutional right to court-appointed counsel for civil infractions.  *See Scott v. Illinois*, 440 U.S. 367 (1979).  Thus, Plaintiff was not entitled to court-appointed counsel.[5]

---

[4] A "limited access facility" is defined in Florida Statute Section 316.003 (34).

[5] Further, to the extent Plaintiff alleges that it was unlawful for the court to suspend his driver's license, it appears that his license was suspended after he failed to pay the fines imposed by the hearing officer.  (*See* Doc. 1-1 at 7.)  Failure to pay a civil penalty imposed after a hearing officer has found that a moving violation occurred mandates the suspension of the violator's driver's license.  *See* Fla. Stat. § 318.15 (1)(a).

Additionally, to the extent Plaintiff is attempting to challenge the hearing officer's decision, the undersigned recommends that such a claim is barred by the *Rooker-Feldman* doctrine.[6]  The *Rooker-Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *See Alvarez v. Attorney Gen. for Fla.*, 679 F.3d 1257, 1262–63 (11th Cir. 2012) (quotations omitted).  Because it appears that Plaintiff is challenging the decision in a state court traffic matter, and the consequences thereof, it appears that most, if not all, of the issues raised in the Amended Complaint are "inextricably intertwined with the state court judgment so that (1) the success of the federal claim would effectively nullify the state court judgment, or that (2) the federal claim would succeed only to the extent that the state court wrongly decided the issues."  *See id.*  To the extent Plaintiff attempts to bring any other claim not barred by *Rooker-Feldman*, he has failed to allege sufficient facts to state a federal claim as required by *Twombly* and *Iqbal*.

For the foregoing reasons, the undersigned recommends that the Motion be denied, and the case be dismissed without prejudice.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (**Doc. 3**) be **DENIED**.

---

[6] *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923) and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

6

2. The case be **DISMISSED without prejudice.**

3. The Clerk of Court be directed to terminate any pending motions and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on February 4, 2019.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Pro Se Plaintiff